**Robert Andrew LaCROIX, Petitioner—Appellant,**

v.

**Gerald HARRIS, Warden; et al., Respondents—Appellees.**

No. 05–55236.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Filed July 15, 2005.

Katherine A. Froyen, Esq., Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Garrett Beaumont, DAG, Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Robert Andrew LaCroix appeals the district court's judgment denying his 28 U.S.C. § 2254 habeas petition challenging his sentence under California's three-strikes law for second degree burglary and petty theft with a prior. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

LaCroix contends his 25–years–to–life sentence for shoplifting five cartons of cigarettes from a Costco store constitutes cruel and unusual punishment under the Eighth Amendment. We conclude that the California Court of Appeal's rejection of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d); *Lockyer v. Andrade,* 538 U.S. 63, 73–76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (holding that state court's affirmance of two consecutive 25–years–to–life sentences for petty theft with a prior was not contrary to or an unreasonable application of federal law); *Ewing v. California,* 538 U.S. 11, 30–31, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (holding that a 25–years–to–life sentence for felony grand theft under the California three-strikes law did not violate the Eighth Amendment's prohibition on cruel and unusual punishment).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).